## No. 718

### BIRO, et v. KORMENDY, et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7936. Decided June 20, 1927.

1100. SPECIFIC PERFORMANCE—884. Parol Evidence—Written contract, by which party agrees to convey a farm of 181 acres in Windsor Township, Ashtabula County, Ohio, is not specific enough to be enforced. Court could not permit reformation of such contract and could not hear parol evidence and then enforce contract as reformed.

Appeal from Common Pleas.

Decree for Defendant.

VICKERY, J.

In the court below, the plaintiff brought an action for specific performance of a contract for an exchange of property. A judgment was rendered in favor of the plaintiff in the alternative.

There are only two questions which we need to discuss.

First: Is the contract upon which this suit is brought specific enough to be enforced?

Second: If it is not, could the court permit a reformation of the contract and hear parol evidence upon that branch of the case and then enforce the contract as it is reformed?

The contract, upon the part of the defendant, was that he was to deed a farm of 181 acres in Windsor Township, Ashtabula County, Ohio. It must be borne in mind that the defendant did not engage to transfer his farm, but that he said, a farm in Windsor Township, Ashtabula County, Ohio, and I suppose, in compliance with this contract, any farm in Windsor Township that he might see fit to convey, would be sufficient. The contract, as written, was not specific enough to be enforced.

A great line of authorities are recited to show that the courts reform deeds and mortgages to conform to the agreement. This is true, of course, but this is aside from the question. Here is a contract that is within the statute of frauds, and it is sought to be enforced. What is sought to be enforced? Not the contract that would be made by the court, but the writing, that is, the evidence of the contract. The parties have seen fit to put into writing their evidence, and it must be borne in mind that the writing or memorandum is merely evidentiary. It is not the contract at

all. It is simply evidence of the contract. The statute is clear that in order to enforce the contract, there must be some memorandum signed by the parties to be charged and that memorandum must be sufficient so the parties can draw a contract from it. If you must go outside for extrinsic evidence, it does not comply with the statute of frauds, nor can you make it comply by writing a new contract for the parties, which they did not see fit to write themselves. Parol evidence may be introduced in a case even though it is within the statute of frauds to identify parties, to clear up latent ambiguities, but you cannot make a new contract that the parties have not made themselves.

Decree for defendant.

(Sullivan, PJ., concurs. Levine, J., not participating.)

Attorneys—S. J. Kornhauser for Biro et; D. R. Hertz and Bernon, Mulligan, Keeley & La Fever for Kormendy; all of Cleveland.